# IN THE UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION



**JAMES BUSSEY,**

Plaintiff,

v.

**SHERMELA J. WILLIAMS**

&

**DELTA COMMUNITY CREDIT UNION,**

Defendants,

**Case No:** 1:25-cv-3108-VMC

**PALINTIFF'S EMERGENCY MOTION FOR AN ORDER TO SHOW CAUSE AND FOR JUDICIAL REFERRAL FOR CRIMINAL INVESTIGATION INTO PERJURY, NOTARY SEAL TAMPERING AND ALTERING AND EXPIRATION, FRAUD ON THE COURT, AND CONSPIRACY:**

Plaintiff, James Bussey, proceeding Pro Se, respectfully moves this court, pursuant to its inherent authority to manage it proceedings and **sanction fraud,** for an **Order to Show Cause** why opposing

**counsel** and their **client** should **not** be held in **CONTEMPT** and for judicial referral of this matter to the **United States Attorney"s Office** for the **Northern District of Georgia** for **criminal investigation,** In support thereof, Plaintiff states as follows:

I. **INTRODUCTION**
   1. This motion arises from a **demonstrable scheme** by Defendant Community Credit Union and it's attorney's Micheal E. Brooks and Jill Warner of Brooks & Warner LLC to defraud this court thought the use of **false** and **misleading affidavit** and a **notary seal that's expired** and **altered** executed by their agent **Julianne Schilpp** and notarized by an individual with an **expired notary commission, Cody T.M. Rice.**
   2. The affidavit dated **May 5, 2025** and filed in both state and federal proceedings **{as Exhibit A DCCU's September 2, 2025 see attachment 1}** filings contains a material **misrepresentation** of **facts** intended to mislead the Court on a central issue in this litigation, the nature and backing of the financial institution.
   3. ***THE NOTARY SEAL ITSELF IS A FORGED AND FRAUDULENT INSTRUMENT, DEMONSTRATING A CONSCIOUSNESS OF GUILT AND A DELIBERATE SCHEME TO DERFRAUD THE COURT:*** The fraud in this matter extends beyond the false statements within the Schilpp Affidavit to the very instrument used to validate it. The **notary seal** applied by Cody T. M. Rice is itself a **forgery.**

4. **Expired Commission:** The notary, **Cody T. M. Rice** had no **authority** to notarize anything after **October 5, 2024. {See attachment 2}**
5. **Altered Stamp: The physical stamp itself has been altered to show a false expiration date "10-05-2028."** The **different bolding** of the **letters** and **numbers** is a **classic sign of tampering.** A legitimate notary stamp is made by a single machine at one time, the **font** and **bolding** should be **consistent** across all text.
6. This is no longer just a simple mistake, this is **evidence** of **forgery in the first degree** under **Georgia law {O.C.G.A. § 16-9-1}** and potentially federal crimes, including the false statement statute **{18 U.S.C. § 1001} & {18 U.S.C.§ 1018} Making false certificates** or acknowledgment by any officer authorized to administer oaths.

II.  **STATEMENT OF FACTS**
7. In her **sworn affidavit,** Julianne Schilpp on behalf of DCCU, explicitly stated that in **Paragraph 3 "the credit Union is not a member of the Federal Reserve."** This statement was presented to this Court as a **foundational** fact to defeat Pliantiff's claims.
8. This **sworn statement** is directly, and **irrefutably** and **contradicted** by DCCU's own official documentation. DCCU's standard **letterhead** which is used for official correspondence and statements **{see Exhibit 1, attached},** clearly bears the logo of the **National Credit Union Administration {"NCUA"}** accompanied by the phase **"Federally Insured by NCUA."** The **NCUA** is the

independent federal agency that charters, regulates, and insures federal credit unions.
9. Furthermore, the notary public who attested to the signing of the Schilpp affidavit, **Cody T.M. Rice** held an **expired notary** commission at the time of the **notarization** on **May 5, 2025.** According to the **Georgia Superior Court Clerk's cooperative Authority** {GSCCCA} Notary Search Mr, Rice commission **expired** on **October 5, 2024 {see Exbihit 2, attached}** which means that the seal was altered and the **expiration date** was **illegally** changed to **October 5, 2028,** This renders the notarization **invalid** and the affidavit legally **defective** under Georgia Law.

### III. THE Schilpp Affidavit Contains a Material Falsehood, Constituting Perjury and Fraud on the Court:
10. By omitting the material fact that Delta Community Credit Union is federally – chartered institution backed by the **NCUA** – a fact it proudly displays on its own letterhead **{see attachment 3}** DCCU's, through its agent **Schilpp,** made a **false statement** of material fact **under oath.** This violates **18 U.S.C. § 1621 {Perjury} and 18 U.S.C. § 1001 {False Statements}**

### IV. Counsel and Their Client Have ENGAGED in a Conspiracy to Defraud the Court:
11. The actions of **Julianna Schillpp {affiant}, Micheal E. Brooks, and Jill Warner** {attorneys} represent a **coordinated** effort to present **false evidence.** This meets the elements of **Conspiracy** to commit offense against the United States, including and making false statements.

## V. The Use of an Expired Notary Invalidates the Affidavit and Demonstrates a Pattern of disregard for the law:

12. The use of an **expired notary** commission by Cody T, M. Rice demonstrates a shocking **lack of diligence** and **respect** for legal **formalities by a law firm.** This defect alone provides grounds to **strike** the Schilpp affidavit from the record. When combined with the false statement within it, it reveals a pattern of submitting legally deficient and factually incorrect documents to this Court.

## VI. The Court's Inherent Authority and Duty to Refer Criminal Contempt:

13. This Court has the inherent authority to sanction misconduct, holds parties in **contempt**, and refer evidence of criminal activity to the appropriate authorities. The misconduct described herein is so egregious that it warrants not only striking the offending pleadings and sanctioning the defendants but also a formal referral to the U.S. Attorney"s Office for an investigation of potential violations of:
    -18 U.S.C. § 1621 {Perjury}
    -18 U.S.C. § 1001 {False Statements}
    -18 U.S.C. § 1344 {Bank Fraud} – for using false documents in a scheme to defraud a financial institution's customer.
    -18 U.S.C. §§ 1005 & 1006 {False Entries} – for bank employees / officers making false entries in documents.

-18 U.S.C. § 371 {Conspiracy} – to commit the aboves offenses.

**PRAYER FOR RELIEF:**

**WHEREFORE,** Plaintiff James Bussey respectfully that this Court grant the following relief,

1. **Grant** Plaintiff's **motion** for **Summary Judgement** against **Delta Community Credit Union** and **Shermela J. Willaims**.
2. Strike the Affidavit of Julianne Schilpp and all other motion filed by defense attorneys.
3. **Referral** Michael E. Brooks and Jill Warner to the State Bar of Georgia for investigation.
4. **Grant** Plaintiff treble damages
5. **Grant Plaintiff $10 Million Dollar Judgement per defendant.**

**RESPECTFULLY SUBMITTED** this 8th day of **September, 2025.**

*James Bussey*

**JAMES BUSSEY, Plaintiff, Pro Se,**

# Exhibits

1. Exhibit 1 Defendant's Exhibit A
2. Exhibit 2 GSCCCA that show notary was expired 10-5-2024
3. Exhibit 3 Delta Community Credit Union letterhead dated July 31st 2025
4. Exhibit 4

Exhibit A

EX 1

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| JAMES BUSSEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 25CV002284 |
| ) | |
| DELTA COMMUNITY CREDIT UNION, ) | |
| ) | |
| Defendant and Counterclaimant. ) | |

STATE OF GEORGIA

COUNTY OF COBB

## AFFIDAVIT OF JULIANNE SCHILPP

Julianne Schilpp, having been duly sworn according to law, deposes and states that the following facts are true and correct and within her personal knowledge:

1.

My name is Julianne Schilpp, and I am competent in all respects to testify regarding the matters set forth herein.

2.

I am a VSO Vice President Loan Performance and Analytics at Delta Community Credit Union (the "Credit Union"), and I have personal knowledge of the business records and business records filing system utilized by the Credit Union. I make this affidavit for use in support of Defendant's Motion for Summary Judgment in the captioned action (the "Civil Action").

3.

The Credit Union is a state-chartered credit union that accepts deposits, makes loans and provides a wide array of other financial products and services to its members. It is not a member of the Federal Reserve System.

4.

James Bussey ("Mr. Bussey"), who is Plaintiff in the Civil Action, is a member of the Credit Union. His spouse, Mariana Bussey, also is a member of the Credit Union. Both of them have accounts at the Credit Union.

5.

Mr. Bussey individually has a savings account with the Credit Union. He and his spouse have a joint savings account, a joint checking account and a joint credit card account with the Credit Union.

6.

Mr. Bussey's membership and his individual savings account and joint accounts with his spouse are governed in relevant part by terms and conditions set forth in applicable Membership/Savings Services Disclosures and Agreements (hereinafter the "Membership Agreement"), a true and correct excerpt of which is **Attachment A** hereto.

7.

On April 14, 2021, the Credit Union and Mr. Bussey entered into a Line of Credit Agreement by which the Credit Union extended Mr. Bussey, as Borrower, an unsecured line of credit to be used for personal, family or household purposes with an $11,000 credit limit (the "Line of Credit"). A true and correct copy of the Line of Credit Agreement is **Attachment B** hereto.

8.

The Credit Union furnishes monthly statements to Mr. Bussey showing the balance of the Line of Credit and the minimum payment that is due on the last day of the month. See, e.g., Plaintiff's Line of Credit Statement for August 2024, **Attachment C** hereto.

2

9.

Mr. Bussey is in default of the Line of Credit because he failed to make each of the minimum payments due in each month from August 2024 through March 2025.

10.

As of April 2, 2025, as shown in the payoff statement for the Line of Credit, a true and correct copy of which is **Attachment D** hereto, Mr. Bussey is liable to the Credit Union for the unpaid Line of Credit in the amount of $9,443.12, which includes principal, including late charges totaling $75.00, in the amount of $8,806.33 and accrued interest through April 2, 2025 in the amount of $636.79.

11.

Interest continues to accrue on the Line of Credit after April 2, 2025, for which Mr. Bussey is liable, at the daily rate of $2.63.

12.

On April 12, 2023, the Credit Union and Mr. Bussey entered into Loan and Security Agreements and Disclosure Statement (the "Personal Loan Agreement") pursuant to which the Credit Union loaned Mr. Bussey, as Borrower, the principal sum of $28,135.98, which he agreed to repay, together with applicable interest, over a term of five years (hereinafter the "Personal Loan"). A true and correct copy of the Personal Loan Agreement is **Attachment E** hereto.

13.

Mr. Bussey is in default of the Personal Loan because he failed to make each of the payments due in each month from October 2024 through March 2025.

3

14.

As of April 2, 2025, as shown in the payoff statement for the Personal Loan, a true and correct copy of which is **Attachment F** hereto, Mr. Bussey is liable to the Credit Union for the unpaid Personal Loan in the amount of $22,605.95, which consists of principal in the amount of $21,492.74 and accrued interest through April 2, 2025 in the amount of $1,113.21.

15.

Interest continues to accrue on the Personal Loan after April 2, 2025, for which Mr. Bussey is liable, at the daily rate of $5.59.

16.

On April 13, 2024, the Credit Union and Mr. Bussey entered into Loan and Security Agreements and Disclosure Statement (the "Auto Loan Agreement") pursuant to which the Credit Union loaned Mr. Bussey, as Borrower, the principal sum of $53,815.65, which he agreed to repay, together with applicable interest and fees, over a term of seven years (hereinafter the "Auto Loan"). A true and correct copy of the Auto Loan Agreement is **Attachment G** hereto.

17.

Mr. Bussey is in default of the Auto Loan because he failed to make each of the payments due at the beginning of each month from August 2024 through April 2025.

18.

On February 3, 2025, due to Mr. Bussey's default of the Auto Loan, the Credit Union repossessed 2022 Chevrolet Silverado 2500 HD pickup truck that secured the Auto Loan. Following its repossession of the vehicle, the Credit Union sold the vehicle and applied the net sales proceeds to the Auto Loan's outstanding balance and sent Mr. Bussey a letter to that effect.

19.

As of April 2, 2025, as shown in the payoff statement for the Auto Loan, a true and correct copy of which is **Attachment H** hereto, Mr. Bussey is liable to the Credit Union for the unpaid Auto Loan in the amount of $26,304.92, which consists of principal in the amount of $25,859.19 and accrued interest through April 2, 2025 in the amount of $445.73.

20.

Although it could seek additional prejudgment interest on the Auto Loan's outstanding balance, following its repossession and sale of the vehicle securing the loan, the Credit Union has converted the interest rate on the Auto Loan to 0% and is not seeking additional prejudgment interest going forward.

21.

Because each of the Line of Credit Agreement, Personal Loan Agreement and Auto Loan Agreement obligates Mr. Bussey to pay the Credit Union for its reasonable attorney's fees not to exceed 15% of the unpaid debt and all court costs, Mr. Bussey also is liable to the Credit Union for its attorney's fees in the amount of $8,753.10, computed as follows:

| Loan | Principal Due as of 4/2/2025 | Interest Due as of 4/2/2025 | Total Due as of 4/2/2025 | Attorney's Fees |
|---|---|---|---|---|
| Line of Credit | $8,806.33 | $636.79 | $9,443.12 | $1,416.47 |
| Personal Loan | 21,492.74 | $1,113.21 | $22,605.95 | $3,390.89 |
| Auto Loan | $25,859.19 | $445.73 | $26,304.92 | $3,945.74 |
| Total | $56,158.26 | $2,195.73 | $58,353.99 | $8,753.10 |

This amount is far less than the Credit Union's actual attorney's fees.

22.

Inclusive of attorney's fees, as of April 2, 2025, Mr. Bussey is liable to the Credit Union for the total amount of $67,107.09 (which is the sum of $58,353.99 and $8,753.10), which is comprised of principal in the total amount of $64,911.36 (which is the sum of $56,158.26 and $8,753.10) and interest in the total amount of $2,195.73.

23.

With regard to two UCC Financing Statements that were filed and recorded on August 28, 2024 in Deed Book 0602024, Page 04780 (the "First UCC Financing Statement") and in Deed Book 0602024, Page 04781 (the "Second UCC Financing Statement") in the Office of the Clerk of the Superior Court of Fulton County, each of which falsely identifies Mr. Bussey as a secured party with respect to the pickup truck that was collateral for the Auto Loan, falsely identifies the Credit Union as debtor and falsely claims Mr. Bussey has a $250,000 lien with respect to the pickup truck (in the case of the First UCC Financing Statement) and a $1 million lien with respect to a Credit Union branch (in the case of the Second UCC Financing Statement), Mr. Bussey did not have the Credit Union's authorization to file either the First UCC Financing Statement or the Second UCC Financing Statement.

24.

Due to Mr. Bussey's default of the Auto Loan, in accordance with the Auto Loan Agreement, on September 10, 2024, the Credit Union applied $282.91 from Mr. Bussey's savings account and $555.74 from his joint checking account with his spouse toward payment of the Auto Loan.

25.

I have reviewed the business records attached hereto as Attachments A through H (collectively the "Business Records"), which are i) copies of records (or excerpts thereof) pertaining to Mr. Bussey's membership, accounts and three loans with the Credit Union. I hereby certify that the Business Records were maintained in the regular and ordinary course of the Credit Union's business and that the transactions reflected therein were recorded contemporaneously with the events as they occurred, as follows:

(a) these records were made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters;

(b) the records were kept in the ordinary course of the regularly conducted activity of the Credit Union; and

(c) the records were made by the regularly conducted activity as a regular practice.

FURTHER AFFIANT SAITH NOT.

_____
Julianne Schilpp

Sworn and subscribed before me
this 5 day of May, 2025,
and notarized by me on said day.

_____
Notary Public

My commission expires:



Ex 2

9:19

⌂  search.gsccca.org/notary/r  +  [4]

**THE CLERKS AUTHORITY**
Georgia Superior Court Clerks' Cooperative Authority

services  login  contact  [search]

| FILE | SEARCH | LEARN | MANAGE | FINES & FEES | CLERKS | NOTARY & APOSTILLES |

Carbon Registry Index ▼  Lien Index ▼  Notary Index ▼  Plat Index ▼  PT-61 Index ▼  Real Estate Index ▼  UCC Index ▼

# SEARCH  Notary Index > Notary Index Search

Fullscreen View   Back

**SEARCH CRITERIA**
Name: Rice Cody T M
County: PAULDING

Table Display Type: 1 Line
1 Record Found Page 1 of 1

Display: 10 ▼ results per page.

| NAME | CITY | COUNTY | ZIP CODE | APPOINTMENT DATE | EXPIRATION DATE | * EMAIL ADDRESS |
|---|---|---|---|---|---|---|
| RICE, CODY T M | HIRAM | PAULDING | 30141 | 10/6/2020 | 10/5/2024 | RICE.CODY87@GMAIL.COM |

1 Record Found Page 1 of 1

Display: 10 ▼ results per page.

* Click here to read our e-mail policy.

**GSCCCA**



**SEND INQUIRIES TO:**

# Delta Community
### CREDIT UNION

P.O. BOX 20541 ATLANTA, GA 30320-2541
DeltaCommunityCU.com

ACCOUNTS ARE NON-TRANSFERABLE EXCEPT ON THE BOOKS OF THIS CREDIT UNION.

T5 P2 182061-6-2-1 - 721
JBUSSEY FREE SCRAP REMOVAL LLC
OWNER JAMES BUSSEY
000721 455 LIBERTY TRACE
ROSWELL GA 30076

THE FINANCE CHARGE for an open-end loan is computed by applying the periodic rate to each unpaid balance for the exact number of days each balance was outstanding. The balance used to compute the FINANCE CHARGE is that balance each day after credits are subtracted and new advances or other charges are added.

NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION REGARDING YOUR RIGHTS TO DISPUTE BILLING ERRORS AND ELECTRONIC TRANSFER ERRORS.

EX3

| ACCOUNT NUMBER | 0880117747 | |
|---|---|---|
| STATEMENT PERIOD | FROM 08/01/25 | THRU 08/31/25 |
| DIRECT INQUIRIES TO: | 404-715-4725 OR | 1-800-544-3328 |
| PAGE | 1 | |

**DEBITS: New Loans, Refinanced Loans, Add-Ons or Principal Reversal.

| Posting Date | Effective Date | Transaction Description | Payment, Credits or Debits** | FINANCE CHARGE | Fees or Charges | Transaction Amount | NEW BALANCE |
|---|---|---|---|---|---|---|---|
| | | Additional Joint Owner: OWNER MARIANA BUSSEY | | | | | |
| 08/01 | | ID 0001 BUSINESS SAVINGS Balance Forward | | | | | 5.00 |
| | | Additional Joint Owner: OWNER MARIANA BUSSEY | | | | | |
| 08/31 | | Ending Balance | | | | | 5.00 |
| | | Dividends Paid Year to Date | | | | 0.00 | |
| 08/01 | | ID 0050 VALUE CHECKING 7469877 Balance Forward | | | | | 7.33 |
| | | Additional Joint Owner: OWNER MARIANA BUSSEY | | | | | |
| 08/31 | | Withdrawal SERVICE CHARGE | | | | 5.00 | 2.33 |
| 08/31 | | Ending Balance | | | | | 2.33 |
| | | Dividends Paid Year to Date | | | | 0.00 | |

| | Total For This Period | Total Year-to-Date |
|---|---|---|
| Total Returned Item Fees | 0.00 | 30.00 |
| Total Overdraft Fees | 0.00 | 0.00 |

Total Dividends Paid Year to Date        0.00




Ex F

_____
Julianne Schilpp



Inconsistency in the letters and fonts